**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>JAMES RICHARDS and CHRISTOPHER GURICH,<br><br>*Defendants.*<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:22-cv-00284-HDV-PVC<br><br>District Judge: Hon. Hernán D. Vera/<br>Magistrate Judge: Hon. Pedro V. Castillo<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

Plaintiff/Counterclaim Defendant, Transamerica Life Insurance Company as successor by merger to Transamerica Occidental Life Insurance Company (together, "Plaintiff" and/or "Transamerica"), and Defendants/Counterclaim Plaintiffs, James Richards ("Richards") and Christopher Gurich ("Gurich) (with Richards, "Defendants"), (collectively the "Parties"), by and through their undersigned counsel, hereby agree to the terms of this Stipulated Confidentiality and Protective Order (this "Order") in connection with this matter (the "Litigation"):

1. **Scope**. All materials produced or adduced in the course of discovery, including, but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, documents produced in response to a subpoena, and information derived directly therefrom (collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing Party, receiving Party, producing non-party or "covered entity" as identified in Paragraph 3 that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; or (d) medical, mental health and other Protected Health Information ("PHI") concerning Richards and/or any other individual. Information or documents that are available to the public will not be designated as Confidential Information.

3. **Qualified Protective Order Pursuant to HIPAA**. This Order is meant to be a "qualified protective order" pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.512(e)(1), which governs the disclosure of PHI in the course of judicial proceedings. This Order applies to any and all records produced by a "covered entity" as defined by 45 C.F.R. §160.103, which has received a request or subpoena for medical or other records which include PHI as defined by 45 C.F.R. §160.103.

   A. During the course of this Litigation, it may be necessary for "covered entities", the Parties, their attorneys or others to disclose medical, or other types of records, which contain PHI, as that term is defined under HIPAA and the Federal Regulations enacted pursuant to said Act.

B. All PHI disclosed by any "covered entity" or any of Richards' healthcare providers or mental healthcare providers shall be used for the sole purpose of preparing for or conducting this Litigation, including, but not limited to, investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation or uses incidental to the proceedings in this case, and shall not be disclosed or revealed to anyone not authorized by this HIPAA Qualified Protective Order.

C. PHI produced pursuant to this HIPAA Qualified Protective Order may include, in addition to all other categories of PHI, behavioral or mental health services.

D. By this HIPAA Qualified Protective Order of this Court, any and all records containing PHI may be disclosed, subject to the notice requirements in the Federal Rules of Civil Procedure, by any "covered entity" or healthcare provider, Party or Party's attorneys, to:

    i. The Parties themselves, the Parties' attorneys, experts, consultants, any witness or other person retained or called by the Parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought, and any entity performing, monitoring, or adjusting activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the Parties involved in Litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the Parties and their attorneys, as well as the professional and support staff of all of the above.

    ii. Prior to disclosing PHI to persons involved in this Litigation, counsel shall inform each such person that PHI may not be used or disclosed for any purpose other than this Litigation. Counsel shall take all other

reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this Litigation.

        iii.    Within sixty (60) days after dismissal of this Litigation or entry of final judgment not subject to further appeal, the Parties, and each entity governed by this HIPAA Qualified Protective Order shall either (a) destroy, or (b) return to the entity who originally produced it, all PHI, including copies made, provided, however, that said PHI may be retained in the files of the entities listed in subparagraph (i) above and may be destroyed pursuant to their regular file retention policies rather than within sixty (60) days, so long as the PHI is maintained in a secure environment.

4.    **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. A Non-Party subpoenaed to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

5.    **Good Cause Statement.**

This action arises out of claim for benefits initiated by Richards under a Long Term Care Insurance Certificate issued by Transamerica to Richards. In this action, Transamerica alleges claims against both Defendants for fraud, civil theft, civil conspiracy, negligence, and restitution of benefits paid. Transamerica also seeks a declaration that the Certificate is void as well as a judicial declaration that Transamerica may retain the premium paid for the Certificate. Richards has filed a

counterclaim against Transamerica alleging breach of contract, breach of the covenant of good faith and fair dealing, and elder abuse. Discovery is needed regarding, *inter alia*, Richards' medical conditions, his inability to perform Activities of Daily Living, as that term is defined in the Certificate, and the alleged home care services that Richards received, among other related categories of documents and information. This discovery will include the disclosure of medical, mental health and other PHI concerning Richards. It is, therefore, necessary that this Order include a "qualified protective order" pursuant to HIPAA, which governs the disclosure of PHI in the course of judicial proceedings.

In addition, due to the claims and counterclaims asserted in this Litigation, Confidential and proprietary information may be requested and produced by the Parties during discovery, including, but not limited to: claims manuals, claims handling and claims investigation guidelines or procedures, personnel records, financial information, personal assets information and tax returns. This is not an exhaustive list, and the Parties reserve to the right to designate additional documents as Confidential for protection under this Order.

6. **Designation.**

A. The Parties, Non-Parties, and Covered Entities may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases

or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

   B.   The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this Order.

   C.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   7.   **Depositions**. Unless all Parties agree on the record at the time the deposition testimony is taken, not all deposition testimony taken in this case shall be treated as Confidential Information unless a Party believes in good faith that it reveals Proprietary Information. "Proprietary Information" shall mean trade secrets or other information which, if disclosed to another, could result in injury or harm to a Party's

business interests including, but not limited to, business, accounting, sales, marketing, and employment records, procedures, licenses, agreements and contracts, investor information, trade data and research and development documents, customer lists, and computer software programs. "Propriety Information" does not include information including, but not limited to, records, procedures, data and software programs that are in the public domain. Such testimony must be designated by a Party as Confidential at the time of the testimony. The designated testimony will remain Confidential until the expiration of the fifteenth (15th) day after the official transcript is first delivered to the Party seeking to designate the testimony as Confidential. A Party may serve a Notice of Designation within fifteen (15) days to all Parties of record as to specific portions of the testimony that are designated Confidential Information and, thereafter, those portions identified in the Notice of Designation shall be protected by the terms of this Order. Any Party may challenge the Confidential Information designation in accordance with the procedures set forth in Paragraph 12 below.

8.  **Protection of Confidential Information**.

    A.  General Protections. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties or any other person identified in subparagraph B. for any purpose other than in this Litigation, and any appeal thereof, unless required to do so by law.

    B.  Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        i.  Counsel. Counsel for the Parties and employees of counsel who have responsibility for the Litigation;

        ii. Parties. Individual Parties and employees of a Party but only to the extent that counsel determines in good faith that the employee's assistance

LEGAL\66579705\1

is reasonably necessary to the conduct of the Litigation in which the information is disclosed;

        iii.    The Court and its personnel;

        iv.    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

        v.    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

        vi.    Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action;

        vii.    Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

        viii.    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of Litigation); and

        ix.    Others by Consent. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.[1]

9. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document or deposition testimony as Confidential Information does not, standing alone, waive the right to so designate the document or testimony. If a Party designates a document as Confidential Information after it was initially produced, the receiving

---

[1] The Parties hereby agree that such agreement shall not be unreasonably withheld.

Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

10. **No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Party discloses information in connection with the Litigation that such Party thereafter determines to be privileged or protected by the attorney-client privilege or work product privilege ("Privileged Information"), the disclosures of that Privileged Information will not, standing alone, constitute or be deemed a wavier or forfeiture of the privilege – in this or any other action – of any claim of privilege or work product protection that the Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter, provided: A producing Party must promptly notify the Party receiving the Privileged Information, in writing, that it has disclosed Privileged Information without intending a waiver by the disclosure with explanation as specific as possible why the information is privileged. Upon such notification, the receiving Party must promptly notify the producing Party that it will make best efforts to destroy or delete the Privileged Information and provide certification that it will cease further review, dissemination and use of the Privileged Information.

11. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal.

12. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

A. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may

only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

    B. **Meet and Confer. Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

    The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

    13. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion unless otherwise instructed by the Court. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

    14. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court and the Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may

LEGAL\66579705\1

thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    A. If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Litigation as Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order unless prohibited by law.

    B. The receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

    C. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the receiving Party has in its possession, custody or control Confidential Information by the other Party to this case.

16. **Challenges by Members of the Public to Sealing Orders.** A Party or interested member of the public has a right to challenge the sealing of particular

documents that have been filed under seal, and the Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17. **Obligations on Conclusion of Litigation.**

A. Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

B. Obligations at Conclusion of Litigation. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in Paragraph 3.A., shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.

C. Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

D. Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

LEGAL\66579705\1

18. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

19. **No Prior Judicial Determination**. This Order is entered based upon the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

APPROVED BY THE COURT. SO ORDERED.

Dated: October 27, 2023

_____
Honorable Pedro V. Castillo
United States Magistrate Judge

LEGAL\66579705\1